

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| RAFEAL BARRETT,<br>    Plaintiff,<br><br>vs.<br><br>SGT. T. GIBBONS; and MR. ADGER,<br>Inspector General,<br>    Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. 5:14-03901-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE CASE**

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' Motion for Summary Judgment be granted, Plaintiff's Motion for Summary Judgment be denied, and that this case be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 29, 2015, and the Clerk of Court entered Plaintiff's objections to the Report on October 22, 2015. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

In his objections, Plaintiff disagrees with the Magistrate Judge's evaluation of the factors set forth in *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986), which determine whether a prison official's actions were carried out "maliciously and sadistically" to cause harm. ECF No. 109 at 1-5. The four factors are: (1) "the need for application of force"; (2) "the relationship between the need and the amount of force" used; (3) "the extent of [the] injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them." *Whitley*, 475 U.S. at 321 (internal quotation marks omitted). The thrust of Plaintiff's argument is that, because the Magistrate Judge found a question of fact as to whether there was a need for force, the Court cannot grant summary judgment to Defendants because, among other things, the need-for-force factor needed to be evaluated by a jury. ECF No. 109 at 5-6. However, Plaintiff's objection is unavailing because the Court need not turn to an evaluation of the *Whitley* factors. The Magistrate Judge found that "no evidence demonstrates that Defendant Gibbons used force against Plaintiff"; rather, the Declarations Plaintiff submitted establish that Defendant Gibbons was directing force at the door and was "playing" when he kicked the door. ECF No. 107 at 9. Nevertheless, as articulated in the Magistrate's comprehensive and well-reasoned Report, even if the *Whitley* test were applicable, no individual *Whitley* factor is determinative, and taken together, the test weighs in favor of Defendants. *Id.* at 9-11. Therefore, the Court will overrule Plaintiff's objections on this issue.

In his next objection, Plaintiff claims that the Magistrate Judge erred in determining that he failed to exhaust the administrative remedies regarding Defendant Adger. ECF No. 109 at 6. Plaintiff states that under the "S.C.D.C. Grievance policy, prisoners are only allowed to file one grievance per issue and must raise only one subject for grievance per issue." *Id.* Thus, Plaintiff argues that he could not exhaust the administrative remedies regarding Defendant Adger because his Step One grievance involved only the actions of Defendant Gibbons, and he could not include both allegations in the grievance under SCDC policy. *Id.* Nonetheless, for the reasons set forth in the Report, the Court need not entertain this objection because it agrees with the Magistrate Judge's suggestion that Defendant Adger is entitled to qualified immunity. ECF No. 107 at 12. Consequently, the Court will overrule this objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and that this case is **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 30th day of October, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.